Herndon LLC v. Whiteside et al, for the appellant is Mark Cochran, you are he sir? Yes. For the appellant, you are the clerk? Yes. Sounds good. Mr. Cochran, you may proceed sir. Good morning. I'll be very brief this morning. I would like to bring to the court's attention two cases that were not cited in our brief or reply brief. Have you informed the other side? Yes. Okay. Go ahead. The first case is a Supreme Court case, Harley v. Magnolia Petroleum, a 1941 case, 378 Illinois 19, and I have a few extra copies if that would be helpful. The case involved an accounting for royalties under an oil and gas lease, and in there the Supreme Court stated, the words subject to are royalties. The words subject to are words of qualification on the estate grant. These are the exact precise words used in the assignment to Whiteside in this case, the subject to, and I'll just briefly read from that assignment, the second page, the last paragraph. Assignee does hereby agree to assume, be bound by, and subject to each assigner's express and implied covenants, rights, obligations, and liabilities with respect to the oil and gas properties. An assignee's interest in the oil and gas properties shall bear its proportionate share of overriding royalty interests. So this subject to language, according to the Supreme Court, may qualify what was conveyed or assigned to Whiteside. She took it subject to the pre-existing overriding royalty interest of Ramsey Hurden. Not only that, she took it subject to the obligations of the other assigners to pay that overriding royalty interest to Ramsey Hurden. The second case is Williams v. Ohio v. Detroit. It's a 1958 decision by this court, and also it's 18 Illinois Appellate 2nd 194. It's also an oil and gas case involving overriding royalty interest. And in there, this court observed, a party to a written agreement may not assert its validity and at the same time deny that the writing embodies the actual contractual rights and obligations which the party is intended to make. This is exactly what Whiteside has done with the trial court's blessing. She claims rights to the lease, but she denies the obligations she's assumed under that very assignment. She can't cherry pick that agreement. She has to take the good with the bad. The rights she got assigned, but also the obligations she assumed by taking that. The last point I want to make is the second count of our complaint has allegations touching on fraud in that Whiteside intentionally delayed production of the well in order to circumvent the overriding royalty interest that Ramsey Hurden had previously acquired. The trial court's decision to dismiss the complaint foreclosed any opportunity for plaintiffs to prove up that fraud and prove up those allegations. And we think that the plaintiffs should be afforded an opportunity to do this. We would respectfully request that the court overturn the trial court's decision and rule that Whiteside must honor not only the benefits, but the burdens of the lease assigned to her, which include the pre-existing overriding royalty interest of Ramsey Hurden. Thank you. Thank you, counsel. Mr. Foreman? Good morning, your honors. May it please the court? Counsel? I represent Lisa Whiteside, who's a defendant doing business as Beam Oil Company. First, I'm not going to object to citing authority on the day of the oral argument, although I believe it is inappropriate, for the reason that it doesn't affect the outcome. Neither of those cases affects the court's decision in this matter whatsoever. The plaintiff filed a complaint alleging two causes of action, one breach of contract and one conversion. The theory was that the plaintiff had retained an overriding royalty interest pursuant to this assignment, and attached to the complaint are three exhibits, being the base lease, the assignment which the plaintiff made to certain third parties of working interest wherein the plaintiff retained an overriding royalty and accepted it from the conveyance, and the third document being the assignment to my client. And I filed a motion to dismiss under 2615 on the basis that the document which is attached to the plaintiff's complaint negates its cause of action and defeats it by its own express terms. When procedurally, when exhibits which are attached to a complaint under 2606 become part of the pleadings for all purposes, and when there is an inconsistency between the allegations of the complaint and the documents and the exhibits were attached, the exhibits control, that's the Chilson case that I've cited in my brief. In other words, the plaintiff's claim is self-defeating. The document upon which he relies and which is attached to the complaint defeats their cause of action. The theory is that the plaintiff has retained an overriding royalty interest in this assignment, an overriding royalty which the plaintiff created under a previous document, Exhibit 2, and which they specifically accepted by using words of reservation and acceptance in Exhibit 2, which appears in the plaintiff's brief. By contrast, the assignment to my client conveys all of Asinor's right title and interest in and to the oil, gas, and mineral leases described on Exhibit A. All interest in and to the leases. An overriding royalty interest is an interest in and to an oil and gas lease. It is created from the lease. When you convey all interest which you, the Asinor, have in a lease, you're conveying all interest. All is not ambiguous. It means everything. It includes everything. This document is in no way, shape, or form ambiguous. The Subject 2 provision, as we see the agreement, Exhibit 2, there's a rather lengthy disclaimer of all liabilities, an indemnification provision, assumption of plugging liabilities, hold harmless, providing for the oil and stock tanks, and then there's what we call the Subject 2 clause. This is a clause that says that the Asinee is stepping into the shoes of the Asinor. Obviously, you're stepping into that position subject to the obligations that preexist of record. All assignments, conveyances which exist of record. All the rights and obligations of the lease. And then it says, Asinee's interest in the oil and gas property shall bear its proportionate share of royalty interest overriding royalty interest and other payments outlawed or measured by production. Yes. That seems pretty specific to me. That is, that means that you're taking it subject to the rights of third parties. The royalty interest, you're stepping into the shoes of the Asinor. You're taking, this is an acknowledgment that there are rights of other third parties, not the Asinor, because the Asinors convey all interest. This is saying you are taking it subject to... As in any deed subject to prior conveyances of record. Any conveyance of real estate has a Subject 2 language in it. It is a limitation on warranty of title so that the grantee cannot claim that they were not aware of some interest. When you say it is Subject 2, we're talking about royalties. They want to equate Subject 2 as an exception. Well, the Asinor doesn't own the royalty. There's no reason to accept it. It's illogical. This is simply an acknowledgment that there are other claims of third parties out there which must be taken into account when determining your share of the revenue that's generated. Who else besides Herndon had an overriding royalty interest? Completely different provision. If you wanted to accept it from the conveyance, then you would have accepted it in the granting clause. This is not ambiguous. All means all. The location in the instrument, this is pertaining to a third party. There is no ambiguity. But even if there were, the rules of construction require a ruling in favor of my client. Because everything, and when you have construed a deed or a conveyance, everything not reserved is conveyed. Everything not accepted is conveyed. The conveyance is always, any ambiguity is resolved in favor of the grantee. It is resolved against the party that drafted it or the grantor. You cannot have an intentions clause which is repugnant to the grant. I've cited in my brief the Gelfius v. Chapman case and the Jones v. Johnson case, which both, upon which someone tried to say, look, we've got this other clause in this grant, in this document here, and it somehow modifies the grant so as to expand the scope of the exception. And to reduce the scope of the grant. And the court said, no, you can't do that. You cannot have an intentions clause that is repugnant to the grant, that purports to take away from the grant. If you want an exception, you need to put it in there in no uncertain terms. And subject to is not the same thing as accept or reserve it. It's a completely different clause. Those rules of construction, even if there was an ambiguity, would require the court rule in favor of my client. This is the argument you can't get there from here. It is a two-pronged argument. First of all, it's not ambiguous. And secondly, even if it could be considered ambiguous, that ambiguity would have to be resolved in favor of the defendant, not the plaintiff. Why is that? Because they're the grant court. And this is an example. In the reply brief, it is suggested that a conveyance from the assignment of working interest in an oil and gas lease is not a conveyance of an interest in real estate. Nothing could be further from the truth. And that statement evidences the plaintiff's ignorance of the underlying substantive law which governs this. Of course an assignment of working interest in an oil and gas lease is an interest in real estate. It has to be recorded. In fact, the document which they attached to the complaint has a file recording stamp on it for that very reason. When you lease property, you have to record that lease. You have to have a way of knowing who owns it. It's part of the mineral abstract. It's in the county courthouse real estate records. The case that he's cited, Sohio, says as much. An oil and gas lease or an assignment of interest in an oil and gas lease is not just real estate, it's a freehold estate. To suggest that an assignment is merely a contract and is not a conveyance of an interest in real estate is completely, utterly, and totally incorrect. And I believe it's indicative of how they have taken this other provision and twisted it and turned it and distorted it upside down. Because they simply don't understand. If you don't understand that basic point of what an oil and gas lease is and what interests are and how they're conveyed, and the fact that this document has to be recorded, has to be acknowledged, then you don't understand real estate law or oil and gas law at all. And you have no credibility. And any of the other arguments you make must be viewed through that same prism. I mean, this is... Well, the issue before us is that no one will review under 2615 whether or not there's any theory under which this claim could possibly lie. Isn't that correct? Correct. And I believe the answer is there is none. Because the document itself defeats their claim. The document itself conveys all interest in the lease. And overriding royalty is an interest in the lease. There are no afterwords of exception or reservation in this document. And no matter how hard you try, you cannot turn a subject to clause which appears near the end of the document into an exception to the grant. It is repugnant to the grant. And as I said, all the rules of construction require that even if there were an ambiguity, it would be resolved in the favor of my client, which is the assinee, not the assonoir. The assonoir prepares the document. The assonoir is the one who chooses the language to use. If you want to accept the overriding royalty, you could have done it in one of two ways. You'd simply say, after all interest in the oil and gas mineral lease is described on Exhibit A, accept an overriding royalty previously and heretofore granted to assonoir Herndon, pursuant to, and then you would reference the document, usually, that the overriding royalty was created under. So it's clear I'm assigning everything except this. Or you say I'm assigning working interest. But when you say all interest, you're assigning all interest. It's a quick thing. Whatever interest I have, I am assigning. Is there any difference in an instrument conveying an interest in land instead of conveying the right title of interest in an oil lease? No, because they are both interest in real estate and they are both governed by all the same rules. I've cited Summers in my brief to that effect, and I believe even the case that the plaintiff cited supports my proposition to that effect, because it quite clearly states the Illinois Supreme Court has held that an assignment of an interest in an oil and gas lease is a freehold estate. It is an interest in real estate. So you are conveying a bundle of rights. Real estate is a bundle of rights. This just happens to be one of those twigs that's been pulled out of the bundle, namely mineral rights. So we're dealing with that. But you're conveying an interest in real estate, just like a deed. In fact, minerals are conveyed by deed. Working interest and oil and gas leases are conveyed by assignment. But if you read the document, it is transfer, assign, and convey, set over, unto. It is a conveyance. Would it be correct to say that the plaintiff's overriding royalty interest is not a right title or interest conferred on the plaintiff by the paid-up lease? It would be incorrect to say that. Why is that? Because it is carved out of the lease. It would not exist but for the existence of the lease. The lease is what creates the working interest. The mineral owner owns the minerals. The lease creates the working interest in the lessee. And this overriding royalty is carved out of the lessee's ownership interest in the land. Okay. Thank you, Counselor. Your time is up. Mr. Hamilton? Counselor? May it please the Court? Counsel? Good morning, Your Honors. My name is Daniel Hamilton. I'm here today on behalf of Defendant John Bassanet. Mr. Bassanet is the holder of an overriding royalty interest in and to the Jordan No. 1 lease, the subject lease of this dispute. In the trial court, Mr. Bassanet moved to dismiss plaintiff's complaint for conversion, which was the only count against Mr. Bassanet, based on various grounds. And the trial court in the end dismissed it pursuant to Section 2-619 due to an affirmative matter stated in the motion to dismiss that was supported by an affidavit signed by Mr. Bassanet. The trial court's decision should be affirmed by this honorable court for the reasons that are set forth in the brief. But before I go into those, I would like to address head-on the fact that plaintiff's appeal does not address the 2-619 motion filed by Mr. Bassanet. The arguments in the brief and the reply simply relate to whether or not the plaintiff has an overriding royalty interest, which would have no effect at all on Mr. Bassanet. As such, there's been no actual argument as to Mr. Bassanet's dismissal from the case. That being what it is, I'll go into the reasons that the trial court's decision should be affirmed. The first is the reason that's already been discussed here. Mr. Bassanet adopts the arguments previously stated, and as a result of that, if the plaintiff does not have an overriding royalty interest, Mr. Bassanet cannot be guilty of converting something. Count 1 is not addressed against your client, is it? It is not, sir. So it's only count 2? Only count 2. Go ahead. So if there's no overriding royalty interest on plaintiff's behalf, my client can't be guilty of converting something that they don't have an interest to. That's the first reason. Secondly, Mr. Bassanet, in his motion to dismiss, attached an affidavit. That affidavit explained to the court that he had only received the proceeds from the Jordan 1 lease that were a result of his overriding royalty interest. It's important to understand what an overriding royalty interest is in relation to an oil and gas lease. In an oil and gas lease, there's three general parties. The first is the royalty. That's the landowner, the lessor, the one that signs the lease giving the oil company the right to produce oil. The second party is the working interest holder, the lessee under the lease, who is the oil and gas producer that is pumping the gas. Usually under a standard lease, that party would have approximately a seven-eighths interest in the oil and gas produced, while the property, the surface owner, would have a one-eighth interest. Out of the working interest that the producer creates is what's called an overriding royalty interest. An overriding royalty interest is routinely granted to individuals that do work on oil and gas leases, and that's how they're compensated. If the well produces, you get paid. If it doesn't, you don't. And Mr. Bassanet received an override of one-thirty-second of the seven-eighths produced. That override was granted by Defendant Whiteside. And Mr. Bassanet, in his affidavit, states that the only monies he's received from the oil and gas lease on the Jordan One property are as a result of his properly recorded override, which were attached to the affidavit and the record. There can be multiple overrides coming out of the same oil and gas working interest. In theory, a holder of a working interest could convey any and all of their portions out until they're gone. Mr. Bassanet was entitled to one-thirty-second of that amount, and he received that. And that's all he ever received. He received the amounts that he was entitled to based on his contract, his independent contract with the holder of the working interest. He did not receive money that belonged to anyone else. And as a result of the affidavit, the trial court and the motion to dismiss, the trial court dismissed the complaint as to Mr. Bassanet. As a secondary issue to that, I would just point out that Section 2619 does permit motions to dismiss to be supported by affidavits. And if an affidavit is submitted with a motion to dismiss and it is unrebutted, it creates a situation where the plaintiff who fails to rebut with another piece of sworn evidence of some sort, whether it be an affidavit or something else, it presents the trial court with a situation where they have sworn evidence to one point and nothing rebutting it. Material facts, not conclusive allegations. Correct, sir. And with those reasons, Mr. Bassanet asked that this honorable court uphold and affirm the trial court's decision. Do you have no further questions? Okay. Thank you, counsel. Mr. Cochran, any rebuttals, sir? Okay. I think Mr. Foreman tried to repeat attack that he took at the trial court, trying to create an aura of this mystical aspect of oil and gas leases. It's not mystical? No. I don't think it is, at least in this case. I think it's pretty straightforward. There was an overriding for all the interests created by contract in 2009. So the 2009 assignment to Whiteside didn't need any language in there creating or reserving an overriding. It all existed. All it needed was language protecting that and ensuring that the assignee honored that. And that was what was put in there, very specific language. And there's no language in there limiting that to third-party claims for overrides. It just says overrides, period. Whether it's Ramsey-Hurdon's or Bassanet's, overrides. There's no limitation. So I think by the clear language of the contract, if you look at the four corners, it made that subject to that override, and that override needs to be honored by Whiteside. Thank you, Counselor. Thank you, Mr. Smith. I'd like to invite him to the meeting.